# UNITED STATES *v.* WOODWARD

No. 83–1947.   Decided January 7, 1985

PER CURIAM.

On March 1, 1980, respondent Charles Woodward and his wife arrived at Los Angeles International Airport on a flight from Brazil. In passing through Customs, respondent was handed the usual form that included the following question:

"Are you or any family member carrying over $5,000 (or the equivalent value in any currency) in monetary instruments such as coin, currency, traveler's checks, money orders, or negotiable instruments in bearer form?"

Respondent checked the "no" box.

After questioning respondent for a brief period, customs officials decided to search respondent and his wife. As he was being escorted to a search room, respondent told an official that he and his wife were carrying over $20,000 in cash. Woodward removed approximately $12,000 from his boot; another $10,000 was found in a makeshift money belt concealed under his wife's clothing.

Woodward was indicted on charges of making a false statement to an agency of the United States, 18 U. S. C. § 1001,[1] and willfully failing to report that he was carrying in excess of $5,000 into the United States, 84 Stat. 1121, 1122, 31 U. S. C. §§ 1058, 1101 (1976 ed.).[2] The same conduct—

---

[1] Title 18 U. S. C. § 1001 provides:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

[2] Title 31 U. S. C. § 1101(a) (1976 ed.) provides in pertinent part:

"Except as provided in subsection (c) of this section, whoever, whether as principal, agent, or bailee, or by an agent or bailee, knowingly—

"(1) transports or causes to be transported monetary instruments—

"(A) from any place within the United States to or through any place outside the United States, or

answering "no" to the question whether he was carrying more than $5,000 into the country—formed the basis of each count. A jury convicted Woodward on both charges; he received a sentence of six months in prison on the false statement count, and a consecutive 3-year term of probation on the currency reporting count. During the proceedings in the District Court, the respondent never asserted that Congress did not intend to permit cumulative punishment for conduct violating the false statement and the currency reporting statutes.

The United States Court of Appeals for the Ninth Circuit, after inviting briefs on the subject, held that respondent's conduct could not be punished under both 18 U. S. C. § 1001 and 31 U. S. C. §§ 1058, 1101 (1976 ed.). See 726 F. 2d 1320 (1983). The court applied the rule of statutory construction contained in *Blockburger* v. *United States*, 284 U. S. 299, 304 (1932)—" 'whether each provision requires proof of a fact which the other does not' "—and held that the false statement felony was a lesser included offense of the currency reporting misdemeanor. 726 F. 2d, at 1323. In other words, every violation of the currency reporting statute necessarily entails a violation of the false statement law.[3] The court reasoned

---

"(B) to any place within the United States from or through any place outside the United States, or

"(2) receives monetary instruments at the termination of their transportation to the United States from or through any place outside the United States

in an amount exceeding $5,000 on any one occasion shall file a report or reports in accordance with subsection (b) of this section."

Title 31 U. S. C. § 1058 (1976 ed.) provides:

"Whoever willfully violates any provision of this chapter or any regulation under this chapter shall be fined not more than $1,000, or imprisoned not more than one year, or both."

Sections 1058 and 1101 were recently recodified without substantive change at 31 U. S. C. §§ 5322(a) and 5316. See Pub. L. 97–258, 96 Stat. 877 *et seq.*

[3] The converse is clearly not true; 31 U. S. C. §§ 1058, 1101 (1976 ed.), but not 18 U. S. C. § 1001, involve the failure to file a currency disclosure report.

that a willful failure to file a required report is a form of concealment prohibited by 18 U. S. C. § 1001. Concluding that Congress presumably intended someone in respondent's position to be punished only under the currency reporting misdemeanor, the Court of Appeals reversed respondent's felony conviction for making a false statement. See 726 F. 2d, at 1327.

The Court of Appeals plainly misapplied the *Blockburger* rule for determining whether Congress intended to permit cumulative punishment; proof of a currency reporting violation does *not* necessarily include proof of a false statement offense. Section 1001 proscribes the nondisclosure of a material fact only if the fact is "conceal[ed] . . . by any *trick, scheme, or device.*" (Emphasis added.)[4] A person could, without employing a "trick, scheme, or device," simply and willfully fail to file a currency disclosure report. A traveler who enters the country and passes through Customs prepared to answer questions truthfully, but is never asked whether he is carrying over $5,000 in currency, might nonetheless be subject to conviction under 31 U. S. C. § 1058 (1976 ed.) for willfully transporting money without filing the required currency report. However, because he did not conceal a material fact by means of a "trick, scheme, or device," (and did not make any false statement) his conduct would not fall within 18 U. S. C. § 1001.[5]

There is no evidence in 18 U. S. C. § 1001 and 31 U. S. C. §§ 1058, 1101 (1976 ed.) that Congress did not intend to allow separate punishment for the two different offenses. See generally *Albernaz* v. *United States,* 450 U. S. 333, 340

---

[4] In Woodward's case, the Government did not have to prove the existence of a trick, scheme, or device. Woodward was charged with violating § 1001 because he made a false statement on the customs form. This type of affirmative misrepresentation is proscribed under the statute even if not accompanied by a trick, scheme, or device.

[5] See *United States* v. *London,* 550 F. 2d 206, 213 (CA5 1977) (§ 1001 requires "affirmative act by which means a material fact is concealed").

(1981); *Missouri* v. *Hunter*, 459 U. S. 359, 367 (1983). Sections 1058 and 1101 were enacted by Congress in 1970 as part of the Currency and Foreign Transactions Reporting Act, Pub. L. 91–508, Tit. II, 84 Stat. 1118 *et seq.* Section 203(k) of that Act expressly provided:

> "For the purposes of section 1001 of title 18, United States Code, the contents of reports required under any provision of this title are statements and representations in matters within the jurisdiction of an agency of the United States." 31 U. S. C. § 1052(k) (1976 ed.).[6]

It is clear that in passing the currency reporting law, Congress' attention was drawn to 18 U. S. C. § 1001, but at no time did it suggest that the two statutes could not be applied together. We cannot assume, therefore, that Congress was unaware that it had created two different offenses permitting multiple punishment for the same conduct. See *Albernaz, supra,* at 341–342.

Finally, Congress' intent to allow punishment under both 18 U. S. C. § 1001 and 31 U. S. C. §§ 1058, 1101 (1976 ed.) is shown by the fact that the statutes "are directed to separate evils." See *Albernaz, supra,* at 343. The currency reporting statute was enacted to develop records that would "have a high degree of usefulness in criminal, tax, or regulatory investigations." 31 U. S. C. § 1051 (1976 ed.). The false statement statute, on the other hand, was designed "to protect the authorized functions of governmental departments and agencies from the perversion which might result from the deceptive practices described." *United States* v. *Gilliland,* 312 U. S. 86, 93 (1941).

All guides to legislative intent reveal that Congress intended respondent's conduct to be punishable under both 18

---

[6] When Title 31 was recodified in 1982, this provision was eliminated as "[u]nnecessary" because "Section 1001 applies unless otherwise provided." H. R. Rep. No. 97–651, p. 301 (1982).

U. S. C. § 1001, and 31 U. S. C. §§ 1058, 1101 (1976 ed.).
Accordingly, the petition for a writ of certiorari is granted,
and that part of the Court of Appeals' judgment reversing
respondent's 18 U. S. C. § 1001 conviction is reversed.

*It is so ordered.*