**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lucille Ann DES JARDINS,
Defendant-Appellant.**

**No. 82–1247.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 1983.

Decided Sept. 26, 1985.

---

Richard Marmaro, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Leonard I. Weinglass, Los Angeles, Cal., for defendant-appellant.

---

Before NELSON and NORRIS, Circuit Judges, and SOLOMON,* District Judge.

## ORDER

The facts of this case are more fully set out in our previous opinion, reported at *United States v. Des Jardins*, 747 F.2d 499 (9th Cir.1984). The appellant, Lucille Ann Des Jardins, appeals from a two count conviction. The first count, brought under a provision of the Bank Secrecy Act, 31 U.S.C. § 1058, charged Des Jardins with wilfull failure to report transporting more than $5,000 in monetary instruments across United States borders as required by 31 U.S.C. § 1101, another provision of the Act. The second count, brought under 18 U.S.C. § 1001, charged Des Jardins with making a fraudulent statement to a customs agent. We affirmed her conviction under 31 U.S.C. § 1058 and reversed her conviction under 18 U.S.C. § 1001. Our reversal of the second count was based on *United States v. Woodward*, 726 F.2d 1320 (9th Cir.1983), *rev'd*, —— U.S. ——, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985) (per curiam), where we reversed a false statement conviction on the ground that it merged into the section 1058 conviction.

On December 19, 1984, subsequent to our original decision in this case, the Supreme Court reversed *Woodward*. —— U.S. ——, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985). The Court concluded that the false statement offense, 18 U.S.C. § 1001, is a separate offense from that of failing to report the transportation of more than $5,000, 31 U.S.C. § 1058, and that separate punishments could be imposed for these offenses. *Id.*, 105 S.Ct. at 612. The government then filed a second petition for rehearing in this case asking us to reinstate Des Jardins' false statement conviction pursuant to section 1001 on the authority of the Supreme Court's decision in *Woodward*. Because we agree that *Woodward* requires affirmance of Des Jardins' conviction under section 1001, we grant the

---

\* The Honorable Gus J. Solomon, Senior District Judge for the District of Oregon, sitting by designation.

government's petition for rehearing, vacate Part III of our previous opinion, and affirm Des Jardins' section 1001 conviction. *See United States v. Salinas-Ceron*, 755 F.2d 726, 727–28 (9th Cir.1985) (reinstating simultaneous convictions of 18 U.S.C. § 1001 and 31 U.S.C. § 5322(a) in light of *Woodward*).

Des Jardins challenges her conviction under section 1001 on four grounds in addition to the *Woodward* ground. Because we reversed on the basis of our court's decision in *Woodward*, we did not reach the other four challenges to her false statement conviction. We now decide those claims.

First, Des Jardins claims that section 1001 is overly broad because it penalizes unsworn oral statements "without regard to materiality, notice of consequences, or degree of legitimate state interest...." We reject this claim on the authority of *United States v. Gilliland*, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598 (1941), and *United States v. Matanky*, 482 F.2d 1319, 1322 (9th Cir.), *cert. denied*, 414 U.S. 1039, 94 S.Ct. 539, 38 L.Ed.2d 329 (1973).

Second, Des Jardins claims that her oral, unsworn testimony falls within the "exculpatory no" doctrine. We reject this claim on the authority of *United States v. Duncan*, 693 F.2d 971, 976 & n. 5 (9th Cir.1982), *cert. denied*, 461 U.S. 961, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983).

Third, Des Jardins claims that her oral denial is insufficient evidence, in the absence of a writing, to convict her under section 1001. We find no basis in the statutory language or the legislative history for such a narrow reading of section 1001.

Finally, Des Jardins's claims that her Fifth Amendment privilege against compelled self-incrimination was violated because the agent questioned her before giving her a *Miranda* warning. We find no merit in this contention. We have held that customs agents who question an entrant at an international border need not give *Miranda* warnings "unless and until the questioning agents have probable cause

to believe that the person questioned has committed an offense, or the person questioned has been arrested, whether with or without probable cause." *United States v. Moore*, 638 F.2d 1171, 1175 (9th Cir.1980), *cert. denied*, 449 U.S. 1113, 101 S.Ct. 924, 66 L.Ed.2d 842 (1981) (quoting *Chavez-Martinez v. United States*, 407 F.2d 535, 539 (9th Cir.), *cert. denied*, 396 U.S. 858, 90 S.Ct. 124, 24 L.Ed.2d 109 (1969)).

The section 1001 conviction is AFFIRMED.