UNITED STATES of America,
Plaintiff-Appellee,

v.

Ray Douglas THOMAS,
Defendant-Appellant.

No. 86–2298.

United States Court of Appeals,
Fifth Circuit.

Feb. 5, 1987.

P. Joseph Brake, FPD San Antonio, Tex.,
for defendant-appellant.

Sidney Powell, Asst. U.S. Atty., Helen M.
Eversberg, U.S. Atty., Michael R. Hardy,
Asst. U.S. Atty., San Antonio, Tex., for
plaintiff-appellee.

Before GEE, POLITZ and WILLIAMS,
Circuit Judges.

GEE, Circuit Judge:

The defendant appeals his convictions for
receipt and possession of a firearm by a
convicted felon. We remand and instruct
the district court to exercise its discretion
to vacate one of the convictions.

One afternoon, Ray Douglas Thomas
tried to sell a shotgun to a gun shop owner.
The shop owner, knowing Thomas to be a
convicted felon, told him to return later
with the gun, then notified federal authori-
ties. A federal agent arrested Thomas
upon his return. Thomas told the agent
that he had received the gun the previous

night[1] in a convenience store parking lot; that he had taken it to another's house where he spent the night; and that it was always under his control. Thomas had three previous felony convictions and the gun was manufactured in Massachusetts.

The government charged Thomas with violating both 18 U.S.C. App. II, § 1202(a)(1) (possession) and 18 U.S.C. § 922(h)(1) (receipt), statutes that prohibit the possession and receipt of firearms by a convicted felon. Thomas validly waived his right to a jury trial and the district court tried the case on the above stipulated facts. The trial judge convicted Thomas on both charges and sentenced him to concurrent terms of 15 years for possession and five years for receipt. The appellant asserts two errors: first, that under these facts he cannot be convicted and sentenced for both possession and receipt of a firearm, and, second, that his conviction under § 1202(a)(1) cannot be sustained because his possession of the gun was not contemporaneous with the gun's movement in interstate commerce.

■ The Supreme Court's ruling in *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985) controls the first issue. The Supreme Court only sketches the facts in *Ball:* A pistol was reported stolen; "subsequently," Ball threatened another with that pistol; and later that same day, Ball was arrested with the pistol. Ball was convicted under the same statutes involved in our case. *Ball* holds that although the government may *prosecute* under both §§ 922(h) and 1202(a), it may only *convict* and *sentence* under one of the two statutes. "Indeed, '[a]ll guides to legislative intent,' *United States v. Woodward*, 469 U.S. 105, 109 [105 S.Ct. 611, 613, 83 L.Ed.2d 518] (1985), show that Congress intended a felon in Ball's position to be convicted and punished for only one of the two offenses if the possession of the firearm is incidental to receiving it." *Ball*, 470 U.S. at 861, 105 S.Ct. at 1671–72, 84 L.Ed.2d at 745–46. The Supreme Court emphasized that the two stat-

utes form a patchwork and reach different groups of people. *Id.* at 863 n. 13, 105 S.Ct. at 1673 n. 13, 84 L.Ed.2d at 747 n. 13. The Court concluded "that Congress had no intention of creating duplicative punishment for one limited class of persons falling within the overlap of the two Titles—convicted felons who receive firearms and who, by definition, possess them." *Id.* at 864, 105 S.Ct. at 1673, 84 L.Ed.2d at 747.

■ The government attempts to distinguish *Ball* by asserting that in *Ball* there was no independent proof of receipt. Here, Thomas admitted that he received the shotgun in a separate transaction; in other words, the proof of receipt was not inferred from his possession of the gun. This distinction follows from ambiguous language in *Ball* apparently limiting its application to situations in which "a single act establishes the receipt and possession...." *Id.* at 865, 105 S.Ct. at 1674, 84 L.Ed.2d at 748. We are unable, however, to draw that distinction either logically or administratively. The Supreme Court delineated the duty of a district court when faced with evidence showing both receipt and possession:

> If, upon the trial, the District Judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense. Should the jury return guilty verdicts for each count, however, the District Judge should enter judgment on only one of the statutory offenses.

*Id.* The only level of proof that concerns us here is enough evidence to sustain a guilty verdict of proof beyond a reasonable doubt. In *Ball*, there was sufficient evidence to sustain Ball's conviction on either count. Likewise, here there is sufficient evidence to sustain Thomas's conviction on either count. A higher quantum of evidence showing receipt does not in any way strengthen an already valid conviction and therefore enable it to withstand the Supreme Court's directive to convict and sentence under only one of these statutes.

---

**1.** This occurred at 1:00 a.m. that same calendar day.

We must therefore remand this case and instruct the district court to exercise its discretion to vacate one of the convictions.

■ Thomas next contends that the government failed to establish the proper nexus between his possession of the gun and interstate commerce to fulfill the requirements of 18 U.S.C. App. II, § 1202(a)(1). *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977) controls this issue. *Scarborough* holds that to establish a nexus with interstate commerce for the purposes of § 1202(a)(1), the government need prove only that the firearm possessed by the convicted felon traveled at some time in interstate commerce. *Id.* at 575, 97 S.Ct. 1969, 52 L.Ed.2d at 591. The government's proof that the shotgun was manufactured in Massachusetts satisfies this nexus requirement. Thomas asserts that the government's failure to specify *when* the firearm moved interstate moves this case out of *Scarborough*'s shadow. One of the firearms that brought Scarborough's conviction under § 1202(a)(1), however, "was manufactured in France in the 19th century and was somehow later brought into Virginia...." *Id.* at 565 n. 2, 97 S.Ct. at 1964 n. 2, 52 L.Ed.2d at 585 n. 2. That evidence, as the evidence here, was sufficient to uphold the conviction. Thomas's attempts to distinguish *Scarborough* therefore fail.

Accordingly, we REMAND and instruct the district court to exercise its discretion to vacate one of the convictions.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.