KEARSE, Circuit Judge, dissenting:
I respectfully dissent. I think that in light of United States v. Woodward, 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985) (per curiam), the Blockburger test (Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)) should be applied to the language of 18 U.S.C. § 1014 (1988) (false loan application) and id. § 1344 (1988) (bank fraud). See United States v. Woodward, 469 U.S. at 108, 105 S.Ct. at 612; see also United States v. Bradley, 812 F.2d 774, 780 (2d Cir.) (applying Blockburger test and holding that .defendant could be convicted of violating both § 1014 and 18 U.S.C. § 2113(b) (bank larceny), even though both offenses were proven through the same facts), cert. denied, 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987). Because application of the Blockburger test to §§ 1014 and 1344 reveals that there is a way to violate either section without violating the other, a *783 presumption arises that Congress intended to authorize multiple punishment. See, e.g., Albemaz v. United States, 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981). Since there apparently is no legislative history to rebut the presumption, I believe the district court erred in ruling that the counts were multiplicitous and requiring the government to elect between them.