12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven William HICKLIN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher GIBSON, Defendant-Appellant.
 Nos. 93-50046, 93-50047.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.*
Decided Dec. 8, 1993.
 
 1
 Before: FLETCHER, PREGERSON, and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendants Hicklin and Gibson appeal their jury convictions for (1) assault with intent to commit murder, in violation of 18 U.S.C. Sec. 113(a); (2) assault resulting in serious bodily injury, in violation of 18 U.S.C. Sec. 113(f); and (3) being an inmate in possession of a knife, in violation of 18 U.S.C. Sec. 1791(a)(2). We affirm.
 
 
 4
 * Defendant Hicklin contends that the first two counts of his indictment are multiplicitous and that one should have been dismissed. The first count is for assault with intent to commit murder, under 18 U.S.C. Sec. 113(a), which carries a maximum penalty of twenty years' imprisonment. The second count is for assault resulting in serious bodily injury, under 18 U.S.C. Sec. 113(f), which carries a maximum penalty of ten years in prison.
 
 
 5
 We have held that if "the same act constitutes a violation of two different statutes, the test to determine whether punishment for both offenses may be imposed is 'whether each provision requires proof of a fact which the other does not.' " United States v. Solomon, 753 F.2d 1522, 1527 (9th Cir.1985) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)). The test serves as a way to discern congressional intent, and "the elements of the offenses are determinative, even if there is a substantial overlap in their proof." Id. Under this analysis, a single act may give rise to multiple statutory violations. See United States v. Woodward, 469 U.S. 105 (1985); see also United States v. Dixon, 113 S.Ct. 2849, 2882 (1993) (Souter, J., concurring in part and dissenting in part) (explaining, in case involving multiple trials, that Blockburger 's elements test alone determines when multiple punishments for a single act are unconstitutional).[1]
 
 
 6
 A prosecution under Sec. 113(a) requires proof of different facts than a prosecution under Sec. 113(f). Both require proof that the defendant assaulted the victim and that the assault occurred within the territorial jurisdiction of the United States. But only the first count requires a showing of intent to kill, while the second requires the government to prove that the assault caused the victim to suffer serious bodily injury. Neither of the two counts is either identical to or a lesser included offense of the other.
 
 
 7
 Hicklin argues that the two counts are nonetheless multiplicitous because the same evidence--five stab wounds near the heart--was used to prove both intent to murder and serious bodily injury. In Woodward, however, the same evidence--the defendant's single statement that he was not carrying over $50,000--was used to support a prosecution for both making a false statement to an agency of the United States and willfully failing to report that he was carrying over $5,000. The Supreme Court held that the indictment was not multiplicitous because proof of one offense does not necessarily prove the other offense. Here, similarly, proof of intent to kill under the statute does not necessarily prove that serious bodily harm was inflicted. We therefore reject Hicklin's claim that the indictment was multiplicitous.
 
 II
 
 8
 Defendants Hicklin and Gibson argue that the district court erred in denying their motions for mistrial after the court read an instruction to the jury that was supposed to have been omitted. The instruction informed the jury of the nature of the defendants' prior convictions: both defendants had been convicted of armed bank robbery, and Gibson, in addition, had been convicted of assault with a deadly weapon. The government does not dispute that the district court read the instruction in error. In light of the overwhelming evidence of the defendants' guilt presented at trial, we hold that there is no reasonable possibility that the error materially affected the verdict. See United States v. Rubio-Vallareal, 967 F.2d 294, 296 n. 3 (9th Cir.1992) (en banc).
 
 
 9
 The government produced evidence that the defendants had bragged about their participation in the stabbing. The victim, as well as other witnesses, testified that the defendants had committed the crime. In addition, the government produced witnesses who contradicted the testimony of the defendants' alibi witnesses. Moreover, the harm done by the reference to prior convictions was less severe here than in the typical case: here, since the defendants were inmates, the jury already knew that they had prior convictions, and it was only the nature of those convictions that was erroneously revealed by the instruction. In light of these factors, we conclude that there is no reasonable possibility that the jury's verdict was affected by the erroneous instruction, and the district court's curative instruction was therefore sufficient.
 
 
 10
 The convictions are AFFIRMED.
 
 
 
 *
 No. 93-50047 was submitted on the briefs
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The defendant also argues that a more specific statute "must take precedence" over a more general one. We rejected that theory in United States v. Duncan, 693 F.2d 971, 975 (9th Cir.1982)