UNITED STATES of America, Plaintiff,

v.

A) ONE RURAL LOT LOCATED AT FLAMBOYAN ST., LOS MANANTIALES SECTOR, COROZAL, PUERTO RICO, Together With All Its Contents, Appurtenances, Improvements, and Attachments Thereon, Described in the Registry of Property as Follows: "Rustica: Granja agrícola marcada con el número ciento siete (107), sita en el Barrio Palmarejo de Corozal, compuesta de cinco cuerdas' con una décima de otra (5.1) equivalentes a veinte mil cuarenta y cinco metros cuadrados (20,045.00) y en lindes: por el Norte, con camino de diez (10) metros de ancho que separa de la finca número ciento once (111). Por el Sur, con la finca número noventa (90) y terrenos de Evangelista Nieves; por el Este, con la finca número ciento ocho (108), y por el Oeste, con la finca número ciento seis (106)." This property is recorded at folio 119, volume 120 of Corozal. This Property is encumbered by the following Bearer mortgages: Forty Thousand Dollars ($40,000); Forty Thousand Dollars ($40,000); Thirty Thousand Dollars ($30,000) and Twenty Thousand Dollars ($20,000).

B) 1985 Porsche, License Plate # AIF–265, VIN: WP0AB0914FS120374

C) 1983 Porsche, License Plate # AJC–884, VIN: WP0222932DS000068

D) 1990 Toyota Tercel, License Plate BCB–284, VIN: JT2MX72W0G0004916

E) 1986 Toyota Cressida, License Plate # BHJ–612, VIN: JT2MX72W0G0004916, Defendants.

No. 92–2821CCC.

United States District Court,
D. Puerto Rico.

Aug. 11, 1995.

Guillermo Gil, U.S. Attorney, Charles E. Fitzwilliam, Assistant U.S. Attorney, for plaintiff.

Jesús Miranda–González, pro se.

## OPINION AND ORDER

CEREZO, Chief Judge.

Jesús Miranda–González, appearing pro se, has filed a motion requesting relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (**docket entry 29**). The government opposed the motion (**docket entry 30**), movant filed a response (**docket entry 31**) and the United States filed an authorized reply (**docket entry 35**).

This civil forfeiture action was filed on December 11, 1992 pursuant to the provisions of 21 U.S.C. §§ 881(a)(6), (a)(7), and/or 18 U.S.C. § 981. Warrants for seizure and monition of the real and personal properties object of this action were issued the same day. On December 22, Miranda answered the complaint and filed claims concerning two of the *in rem* defendants. Claimant was indicted by a grand jury on December 16, 1992. On February 23, 1993, the Court stayed the proceedings pending the outcome of the criminal case.

Miranda pled guilty to a count of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and was sentenced on August 5, 1993 to a term of imprisonment of thirty-three (33) months and a three (3) year term of supervised release. On September 3, 1993, the Court granted a motion requesting lifting of the stay and on February 19, 1994 the parties filed a stipulation for consent judgment (**docket entry 24**). Miranda agreed to pay the government $25,000.00–$15,000.00 in a lump sum and the remaining $10,000.00, earning interest at the rate of 5.31% per year, in monthly installments of $200.00—in exchange for the return of the real property and vehicles seized in this action. Both parties agreed that the judgment approving the stipulation would be "final and unappealable." On July 21, 1994, the Court approved the stipulation and entered judgment of dismissal.

On November 7, 1994 Miranda filed a motion requesting relief from judgment pursuant to Rule 60(b) alleging that it should be expunged because it violates the Fifth Amendment's Double Jeopardy Clause. He claims that it was constitutionally impermissible for the government to impose a sanction in this case after he had pled guilty and had been sentenced in the criminal case.

■ The Fifth Amendment guarantee against double jeopardy protects against a

second prosecution for the same offense after an acquittal; prosecution for the same offense after conviction; and multiple punishments for the same offense. *E.g. North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The third of these protections has deep historic roots and is the one claimed by Miranda.

In *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), a manager of a company that provided medical services, sentenced to prison and fined $5,000.00 for submitting false claims for government reimbursement in violation of the federal criminal false claims statute, was later subjected to civil penalties, under the False Claims Act, 31 U.S.C. §§ 3729 and 3731, of more than $130,000.00 in a separate civil action. The District Court concluded that in light of Halper's previous criminal punishment, an additional penalty this large would violate the Double Jeopardy Clause. *Id.* at 437, 109 S.Ct. at 1896. The Supreme Court held that a "civil sanction that cannot be fairly said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment." *Id.* at 448, 109 S.Ct. at 1902.

In *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the Supreme Court held that the guarantee against the imposition of excessive fines is applicable to civil forfeiture actions under 21 U.S.C. §§ 881(a)(4) and (a)(7). The Court stated:

> In light of the historical understanding of forfeiture as punishment, the clear focus of §§ 881(a)(4) and (a)(7) on the culpability of the owner, and the evidence that Congress understood those provisions as serving to deter and to punish, we cannot conclude that forfeiture under §§ 881(a)(4) and (a)(7) serves solely a remedial purpose. We therefore conclude that forfeiture under those provisions constitutes 'payment to a sovereign as punishment for some offense,' and, as such, is subject to the limitations of the Eighth Amendment's Ex-

cessive Fines Clause. (Citations and footnotes omitted.)

*Id.* at ——, 113 S.Ct. at 2812.

Less than a year later, in *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), the Court concluded that the tax imposed by the Montana Dangerous Drug Tax Act, which taxes the possession and storage of dangerous drugs after any state or federal fines or forfeitures have been satisfied, is punishment, and therefore subject to the limitations of the Double Jeopardy Clause. *Id.* at ——, 114 S.Ct. at 1948. The Court held that the tax "is a second punishment within the contemplation of [the] constitutional protection" and "must be imposed during the first prosecution or not at all." *Id.*

After these decisions, a defendant's double jeopardy claim in the context of a criminal proceeding preceded by a civil forfeiture case based upon the same conduct for which the defendant was prosecuted, or vice versa, is to be expected. Whether the constitutional protection will be afforded is by no means clear. *Halper* and *Austin* have unleashed a conflict in the circuits.

■ The Second Circuit has resolved the issue based on the procedure employed to prosecute the defendant. It is well settled that multiple punishments for a single crime may be imposed in a single trial when Congress so authorized specifically, *e.g. United States v. Woodward,* 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985); *Missouri v. Hunter,* 459 U.S. 359, 368–69, 103 S.Ct. 673, 679–80, 74 L.Ed.2d 535 (1983); what is impermissible is punishing the same offense twice, even when Congress authorized cumulative punishments, in a subsequent proceeding. *See e.g. Kurth Ranch,* —— U.S. at ——, 114 S.Ct. at 1948. In *United States v. Millan,* 2 F.3d 17 (2d Cir.1993), *cert. denied* —— U.S. ——, 114 S.Ct. 922, 127 L.Ed.2d 215, the indictment included a criminal forfeiture count naming certain properties allegedly obtained from the charged narcotics violations. Before the defendants were indicted, the government obtained civil seizure for various assets. The parties entered into a stipulation that involved not only the seized properties of the civil action but also properties

named in the indictment. The Court resolved the threshold issue of whether the civil forfeiture suit was "part of a single, coordinated prosecution of persons involved in alleged criminal activity," holding that "the civil forfeiture suit and the criminal prosecution constitute a single prosecution." *Id.* at 20. The Court reasoned that since the civil seizures and criminal arrests were issued on the same day, based on the same affidavit and since the defendants were aware of the criminal charges when they entered into a stipulation which involved properties named in the indictment and assets seized in the civil suit, "the civil and criminal actions were but different prongs of a single prosecution . . . by the government." *Id.* The Eleventh Circuit also adheres to this view. *United States v. One Single Family Residence*, 13 F.3d 1493, 1499 (11th Cir.1994).

The Fifth Circuit reads *Austin* narrowly. It maintains that *Austin* classified forfeiture as punishment only when conveyances and real estate are involved because there is no correlation between the costs incurred by the Government and the large and unpredictable variances in the value of the forfeited objects. *United States v. Tilley*, 18 F.3d 295, 300 (5th Cir.1994), *cert. denied* — U.S. —, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994). With respect to the forfeiture of drug proceeds, however, the Court opined in *Tilley* that the proceeds forfeited are roughly equivalent to the harm inflicted upon society by the drug sale. *Id.* It concluded that the *Halper* rationale for classifying a civil penalty as punishment is not met. *Id.* Even if no such proportionality existed, the Court reasoned that the forfeiture of drug proceeds can never be classified as punishment because "it exacts no price in liberty or lawfully derived property from him." *Id.* Consequently, the defendant has "no reasonable expectation that the law will protect, condone, or even allow, his continued possession of such proceeds because they have their very genesis in illegal activity." *Id.*

The Ninth Circuit, on the other hand, believes that the position adopted by the Second and Eleventh Circuit that criminal prosecutions do not constitute separate proceedings "contradicts controlling Supreme Court precedent as well as common sense." *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210, 1216 (9th Cir.1994), *amended* 56 F.3d 41 (1995). It expressly rejected, in *$405,089.23*, the "single, coordinated prosecution" rationale stating that:

> We fail to see how two separate actions, one civil and one criminal, instituted at different times before different fact finders, presided over by different district judges, and resolved by separate judgments, constitute the same 'proceeding'.

*Id.* The Court also rejected the Fifth Circuit's view that forfeiture of drug proceeds is entirely remedial and, therefore, not punishment. Its position is based on the view that *Austin* established a test for determining whether the sanctions provided by a statute are punitive in nature which requires an analysis of the entire scope of the statute, rather than to the characteristics of the specific property which the government seeks to forfeit. *Id.* at 1220. It analyzed the money laundering forfeiture statute, 18 U.S.C. § 981(a)(1)(A), and concluded that it did not serve a solely remedial purpose. *Id.* at 1222. Stating that, after *Austin*, the government must be put to the choice, the Court held that a civil forfeiture action under the act, based on the same conduct over which the defendants were convicted in their criminal trial, is barred by the Double Jeopardy Clause. *Id.* See also *United States v. One 1978 Piper Cherokee Aircraft*, 37 F.3d 489 (9th Cir.1994).

The Sixth Circuit has recently adopted, at least partially, the opinion of the Ninth Circuit. In *U.S. v. Ursery*, 59 F.3d 568 (1995), it held that a consent judgment in a civil forfeiture action under 21 U.S.C. § 881(a), instituted against Ursery and his wife, followed by Ursery's conviction constituted double jeopardy. The Court considered that, under *Halper* and *Austin*, any civil forfeiture under 21 U.S.C. § 881(a)(7) constitutes punishment for double jeopardy purposes. It next reasoned that both the forfeiture and conviction are punishment for the same offense because "[t]he criminal offense is in essence subsumed by the forfeiture statute and thus does not require an element of proof that is not required by the forfeiture action." When

confronted with the issue of whether the forfeiture and the criminal proceeding were part of a "single, coordinated proceeding," however, the Court chose middle ground and followed the Ninth Circuit without ruling out the applicability of *Millan*'s rationale in the appropriate case:

> The Ninth Circuit completely rejects the Second and Eleventh Circuit's efforts to consider the parallel proceedings as one prosecution.... While we acknowledge the Ninth Circuit's approach, we also find it unnecessary to fully adopt the Ninth's Circuit view in this case. It is merely our view that in so far as the existence of a "single, coordinated proceeding" could arguably satisfy the requirements of the Double Jeopardy Clause, as suggested by the Second and Eleventh Circuits, the facts in this case fail to reveal such a single, coordinated proceeding. In the instant case, the record reveals no indication that the government intended to pursue the civil forfeiture action and the criminal prosecution as a coordinated proceeding. Moreover, as government counsel made clear at oral argument, there has been no communication between the government's attorneys who handled Ursery's criminal prosecution and those who handled the civil forfeiture action. The civil forfeiture proceeding and the criminal proceeding were instituted four months apart, presided over by different district judges, and resolved by separate judgments. The district court found these two proceedings to be part of a "single, coordinated proceeding" without providing any factual support for this determination.

Finding that civil penalties are 'primarily remedial,' the First Circuit in *United States v. A Parcel of Land with a Building, Thereon*, 884 F.2d 41, 44 (1st Cir.1989), concluded that "even if the original criminal proceeding ... had been brought by the same sovereign and even if the other authorities mentioned ... did not apply, the civil forfeiture proceeding under 21 U.S.C. § 881(a)(7) would still not constitute a punishment for purposes of the Double Jeopardy Clause." However, this statement is not dispositive in view of *Austin* and *Kurth Ranch* which were decided later. In *McNichols v. C.I.R.*, 13 F.3d 432 (1st Cir.1993), decided before *Kurth Ranch*, our Circuit refused to apply the *Austin* rationale to a case in which the defendant claimed that the tax deficiencies and penalties assessed against him for failing to report his income from the illegal drug trafficking activities for which he had pled guilty constituted punishment in violation of the Double Jeopardy Clause. The Court reasoned that *Austin's* holding is limited to civil forfeitures under 21 U.S.C. §§ 881(a)(4) and (a)(7). *Id.* at 434. More recently, the Court was confronted with a case in which the defendant contended that the Double Jeopardy Clause precluded the government from further pursuing his criminal prosecution once judgment was entered in the civil forfeiture action. *U.S. v. Pierce*, 60 F.3d 886 (1st Cir.1995). The Court rejected Pierce's argument because it found that, if the Double Jeopardy Clause applied, it would bar only the forfeiture because jeopardy attached first in the criminal proceeding. Since it was not faced with a challenge to the forfeiture, the Court declined to answer whether the action was a separate penal proceeding.

Hence, there is no applicable precedent from our Circuit and great dissension in the other courts of appeals. Notwithstanding, the Court does not believe that a decision is necessary to dispose of Miranda's contentions in this case; his Rule 60(b) motion fails for multiple reasons.

■ We note that a party that agreed to the entry of judgment without any reservations may not thereafter seek to upset the judgment on appeal, save for lack of actual consent or of subject matter jurisdiction. *See Dorse v. Armstrong World Indus., Inc.*, 798 F.2d 1372, 1375 (11th Cir.1986). Also, it is possible to seek relief from a consent judgment but only after a showing of lack of actual consent, fraud, mistake or lack of jurisdiction. *See Coughlin v. Regan*, 768 F.2d 468, 470 (1st Cir.1985). Miranda has not alleged any of these.

Rule 60(b) attempts to balance the importance of finality against the desirability of resolving disputes on the merits. *See e.g. Cotto v. United States*, 993 F.2d 274, 277 (1st Cir.1993). It specifies six grounds under

which the movant may request the court for relief. Miranda requests relief under clause (6) ("any other reason justifying relief") of Rule 60(b). He alleges that recent cases constitute "new law"—one of the "other reason[s] justifying relief" in his view—that make it clear that he was twice subjected to punishment for the same offense in violation of the Double Jeopardy Clause.

■ Clause (6) is "properly invoked where there are extraordinary circumstances" justifying relief. *E.g. Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir.1986). However, courts have held that a change in the law is not an "extraordinary circumstance" warranting relief under Rule 60(b)(6). *E.g. Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 851 (5th Cir.1990); *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 757 (2d Cir.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986). Absent a post-judgment change in the law in a factually related case, a change in the law or in the judicial view of an established rule of law does not justify relief under the "any other reason" clause of Rule 60(b). *E.g. Johnston v. Cigna Corp.,* 14 F.3d 486, 497 (10th Cir.1993); *Van Skiver v. United States,* 952 F.2d 1241, 1245 (10th Cir. 1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

Even if we deemed a change in the law to be an "extraordinary circumstance," Miranda would still not obtain relief since there is no binding change in the law. There is a split among the circuits about what the "law" is. He, of course, would urge us to adopt the Ninth Circuit cases, *$405,089.23* and *One 1978 Piper Cherokee,* as the applicable "new law." However, these cases are not binding. They are merely persuasive. The only authority on this issue are *Halper, Austin,* and *Kurth Ranch.* From these cases the Second, Fifth, Sixth, Ninth and Eleventh Circuits have developed differing theories.

■ Even were we to hold that the civil forfeiture action, based upon the same conduct for which defendant was previously convicted in a separate criminal trial, constituted double jeopardy, relief would still not be warranted because Miranda waived that defense. "Rather than deeming waiver presumptively unavailable absent some sort of express enabling clause," the Supreme Court has "adhered to the opposite presumption." *United States v. Mezzanatto,* —— U.S. ——, ——, 115 S.Ct. 797, 801, 130 L.Ed.2d 697 (1995). The most basic rights of a criminal defendant are subject to waiver. *Peretz v. United States,* 501 U.S. 923, 936, 111 S.Ct. 2661, 2669, 115 L.Ed.2d 808 (1991). The double jeopardy defense has been held waived by a pre-trial agreement, *Ricketts v. Adamson,* 483 U.S. 1, 10, 107 S.Ct. 2680, 2686, 97 L.Ed.2d 1 (1987); and by defendant's failure to assert the defense at trial, *United States v. Bascaro,* 742 F.2d 1335, 1365 (11th Cir.1984), *cert. denied sub nom Hobson v. United States,* 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 613 (1985).

Miranda could have made a double jeopardy argument in the civil action. He instead consented to judgment. The parties filed a stipulation for consent judgment on July 19, 1994. By that date, all of the cases in the Supreme Court trilogy, *Halper, Austin* and *Kurth Ranch,* had been decided. The Ninth Circuit's *$405,089.23* case was merely the first one in which the defendants actually succeeded in their double jeopardy claim. The argument had already been raised, however, in other cases, such as *Millan* in the Second Circuit, by the time the parties to this case filed the stipulation. This notwithstanding, Miranda agreed to settle the civil case without raising the defense and expressly specified that the agreement was to be "final and unappealable." Defendant cannot now claim the benefit of a defense he chose not to assert at the pre-judgment stage. We hold that defendant's conduct forecloses his double jeopardy claim.

For the reasons stated, defendant's Motion for Relief from Judgment or Order Pursuant to Rule 60(b) of the FRCP (**docket entry 29**) is DENIED.

SO ORDERED.