IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 26, 2000 Session

## STATE OF TENNESSEE v. JIMMY LEE CULLOP, JR.

**Appeal from the Criminal Court for Sullivan County**
**No. S40,256 & 40,257    R. Jerry Beck, Judge**

---

**No. E2000-00095-CCA-R3-CD**
**April 17, 2001**

---

JOSEPH M. TIPTON, J., concurring in part and dissenting in part.

I concur in the holdings and rationale of the majority opinion save its double jeopardy analysis. I do not believe that the Double Jeopardy Clause bars convictions for both felony reckless endangerment and felony evading arrest under the circumstances in this case. I am convinced by the differences in the statutes that the legislature did not intend them to be viewed as the same offense for double jeopardy purposes.

As the majority opinion points out, under the Blockburger test, one easily concludes that the offenses are separate. The only fact that the two statutes have in common is that others must be put in risk of harm by the defendant's conduct. I note that as opposed to the reckless endangerment statute, the evading arrest statute does not require recklessness or any other mens rea regarding other persons being placed at risk. More importantly, contrary to the majority opinion's view, I believe that the purposes of the statutes are different.

The majority opinion views both the Class B felony evading arrest and the felony reckless endangerment statutes as seeking "to deter reckless conduct which creates a risk of death or injury to third parties." However, the gravamen of the evading arrest offense is the attempt to elude police while in a vehicle which places others at risk. Obviously, the legislature was focused upon the particular dangers created by the most common form of evading arrest.

Furthermore, I question the extent to which the same evidence must be used to prove reckless endangerment and evading arrest, given the different elements and purposes of the statutes. Under these circumstances, I do not believe that Class D felony evading arrest is the same offense for double jeopardy purposes as the Class E felony reckless endangerment.

Also, I question the majority opinion's conclusion that Class D felony evading arrest is the same offense as felony reckless endangerment but that Class E felony evading arrest is not. Simply put, the majority opinion holds that for purposes of the Double Jeopardy Clause of the Tennessee Constitution, Class D felony evading arrest and Class E felony reckless endangerment are the same offense and that Class D felony evading arrest and Class E felony evading arrest are the "same" offense but that Class E felony evading arrest and Class E felony reckless endangerment are not the same offense. This is a strange result, but not necessarily because of any faulty reasoning in the majority opinion.

There are several reasons why we concern ourselves about what constitutes a lesser included offense. First, we cannot run afoul of the right against being placed in jeopardy twice or punished twice for the same offense, and lesser included offenses are deemed the "same offense" for double jeopardy purposes. See State v. Denton, 938 S.W.2d 373, 379 (Tenn. 1996); Brown v. Ohio, 432 U.S. 161, 169, 97 S. Ct. 2221, 2227 (1977). Second, the parties are entitled to the jury's deciding the justice of the cause upon the facts and related law. This means that we do not limit the jury's consideration to the offenses actually alleged in the charging instrument. See Tenn. Code Ann. §40-18-110; Tenn. R. Crim. P. 31(c). Implicit in this, as well, is our interest in the defendant's due process right to adequate notice of the charge against him for defense preparation purposes. Thus, we look at the concept of lesser included offenses for two basic purposes – double jeopardy and jury determination of the offense committed.

In determining what constitutes an offense and its lesser included offenses, we should understand that subject to certain constitutional limitations, the legislature has the power to define crimes and set the punishment therefor. State v. Hale, 840 S.W.2d 307, 314 (Tenn. 1992). Thus, the analysis is essentially one of determining legislative intent. See Denton, 938 S.W.2d at 379; Whalen v. United States, 445 U.S. 684, 691-92, 100 S. Ct. 1432, 1437-38 (1980).

In the federal courts, the same elements test is essentially used for both double jeopardy and lesser included offense jury instructions. See Rutledge v. United States, 517 U.S. 292, 297, 116 S. Ct. 1241, 1245 (1996); Schmuck v. United States, 489 U.S. 705, 716-22, 109 S. Ct. 1443, 1450-53 (1989). In this respect, the Blockburger test is considered an aid to statutory construction. It provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932). If the elements of the two offenses are not necessarily contained in each other, then the courts presume that the legislature intended for the two to be separate offenses for conviction and punishment, unless a contrary legislative intent is otherwise clearly shown. See, e.g., Albernaz v. United States, 450 U.S. 328, 340-41, 101 S. Ct. 1137, 1143 (1981). Any perceived shortcomings are left to the legislature to address. When dealing with lesser included offenses, the federal courts look to determine whether the lesser offense is necessarily included in the greater. This means that if the greater offense can be committed without committing the lesser offense, the lesser is not deemed a lesser included offense for either instruction or double jeopardy purposes. See, e.g., Schmuck, 489 U.S. at 716-17, 109 S. Ct. at 1451; United

States v. Woodward, 469 U.S. 105, 107-08, 105 S. Ct. 611, 612 (1985) (if offense does not always prove the lesser offense, the lesser is not the "same" for Blockburger purposes). The Court has also noted that the same elements test is the most certain and predictable to apply. Schmuck, 489 U.S. at 720-721, 109 S. Ct. at 1453.

Tennessee used the same elements analysis as the basis of its double jeopardy jurisprudence for years. See, e.g., State v. Cloud, 588 S.W.2d 552 (Tenn. 1979) (holding that violation of motor vehicle habitual offender order necessarily includes driving without a license so as to bar separate convictions). In this vein, regarding jury instructions, I note that Rule 31(c), Tenn. R. Crim. P., provides that the jury may convict the defendant for an offense "necessarily included in the offense charged." This rule reads the same as Rule 31(c), Fed. R. Crim. P., upon which the Supreme Court relied in Schmuck to apply the same elements test for lesser included offense instructions. Schmuck, 489 U.S. at 716-17, 109 S. Ct. at 1451.

However, in Howard v. State, 578 S.W.2d 83, 85 n.4 (Tenn. 1979), the Tennessee Supreme Court stated that the analysis for what constitutes a lesser included offense for jury instruction purposes is different from that for double jeopardy purposes. Today, Tennessee's standard for determining the same offense for double jeopardy purposes is presented in State v. Denton, 938 S.W.2d, 379-81(Tenn. 1996), while the standard for determining lesser included offenses for jury instruction purposes is presented in State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999). Although both start with the same elements test, both profess to diverge from it – but not in the same direction. The potential for confusion exists because separate standards exist and each standard is viewed to encompass more than the same elements test. Contradictory results are inevitable, as the present case indicates. Similarly, although aggravated assault is not a lesser included offense of attempted murder, see State v. Guy William Rush, ___ S.W.3d ___, No. E1998-00592-SC-R11-CD, Sullivan County (Tenn. Apr. 6, 2001), using the Burns standard, this court has concluded under similar facts that attempted murder and aggravated assault are the same offense, i.e., lesser offense, using the Denton standard. See State v. Adams, 973 S.W.2d 224, 229 (Tenn. Crim. App. 1997).

I believe that the same standard should be used for determining lesser included offenses for both instruction and double jeopardy purposes. Even if our supreme court chooses not to limit the analysis to the same elements test, at least the potential for contradiction will reduce.

_____
JOSEPH M. TIPTON, JUDGE