IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-31192
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD R. JOHNSON,
also known as Leonard R. Robertson,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CR-126-ALL-A
--------------------
January 27, 2003

Before BARKSDALE, DEMOSS and BENAVIDES, CIRCUIT JUDGES.

PER CURIAM:[*]

Leonard R. Johnson, also known as Leonard R. Robertson, appeals from his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Johnson raises numerous issues on appeal. Johnson first argues that his trial counsel rendered ineffective assistance of counsel, which we decline to address because we generally do not allow such claims on direct appeal except in rare cases where the record allows for a fair

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evaluation of the merits, and we conclude that this is not such a rare case. See United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992).

Johnson next argues that his prosecution was a "sham" under Bartkus v. Illinois, 359 U.S. 121 (1959), because he was previously acquitted in a state bench trial for the same conduct forming the basis of the federal indictment. We conclude that Johnson has not made the requisite showing of a sham prosecution. See United States v. Harrison, 918 F.2d 469, 474-75 (5th Cir. 1990). Johnson also argues that the Government violated its own procedures in obtaining a waiver of its Petite policy. However, a defendant may not invoke the Government's Petite policy to bar federal prosecution. Harrison, 918 F.2d at 475.

Johnson argues that he was subject to prosecutorial misconduct because the prosecutor made false statements and relied on false evidence in presenting the case to the grand jury, in obtaining the waiver to the Petite policy, and in trying the case. Johnson's claim concerning the indictment was not made in a pre-trial motion to dismiss the indictment and is waived. See FED. R. CRIM. P. 12; United States v. Cathey, 591 F.2d 268, 271 n.1 (5th Cir. 1979). In any event, we conclude that Johnson has not shown that the alleged falsehoods cast any doubt on the jury's verdict. See United States v. Hernandez-Guevara, 162 F.3d 863, 874 (5th Cir. 1998); see also Napue v. Illinois, 360 U.S. 264, 269 (1959). Johnson also argues that he was subject to vindictive prosecution. This issue is inadequately briefed and therefore is considered abandoned. See

2

<u>Cinel v. Connick</u>, 15 F.3d 1338, 1345 (5th Cir. 1994); FED. R. APP. P. 28(a)(9)(A).  It is also raised for the first time on appeal and is without merit.  <u>See</u> <u>United States v. Johnson</u>, 91 F.3d 695, 697 (5th Cir. 1996); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc).

Johnson next argues that the district judge should have recused himself, although he did not move in the district court for recusal.  He has not shown that a reasonable person would doubt the district court's impartiality.  <u>United States v. Jordan</u>, 49 F.3d 152, 155 (5th Cir. 1995).  He also argues that the district court erroneously characterized his numerous objections to the presentence report as frivolous, citing to sentencing guidelines concerning downward departure.  To the extent he argues that the district court failed to consider his objections, including his contention that he was subject to a justification defense, as mitigating circumstances, we lack jurisdiction to consider the issue because the district judge did not expressly state a belief that he lacked authority to depart downward.  <u>See</u> <u>United States v. Yanez-Huerta</u>, 207 F.3d 746, 748 (5th Cir. 2000).  To the extent he argues that his objections were improperly denied, Johnson has not shown that the district court imposed a sentence in violation of law or incorrectly applied the sentencing guidelines.  <u>See</u> <u>United States v. Cuyler</u>, 298 F.3d 387, 389 (5th Cir. 2002).

Johnson argues that the prosecution withheld exculpatory evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), but he has not shown that the Government suppressed any evidence. He

also argues that prosecution under § 18 U.S.C. § 922(g) violates the Second Amendment in light of unspecified comments from the Attorney General. This argument, in addition to being inadequately briefed, is without merit. See United States v. Emerson, 270 F.3d 203, 261 (5th Cir. 2001), cert. denied, 122 S. Ct. 2362 (2002). Finally, Johnson's claim that the evidence was insufficient to support his conviction is also without merit. See United States v. Knezek, 964 F.2d 394, 400 (5th Cir. 1992); United States v. Cavazos, 288 F.3d 706, 712 (5th Cir.), cert. denied, 123 S. Ct. 253 (2002); United States v. Privett, 68 F.3d 101, 104 (5th Cir. 1995); United States v. Thomas, 810 F.2d 478, 480 (5th Cir. 1987).

AFFIRMED.