Allen Frank GALLOW, Appellant,

v.

The STATE of TEXAS, Appellee.

Nos. 14–98–01422–CR, 14–98–01423–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 21, 2001.

---

3. There is no notary or witness's signature to verify the date on the instrument.

Lloyd W. Oliver, Houston, for appellant.

Daniel P. Bradley, Anahuac, for appellee.

* Senior Justices Bill Cannon and Norman Lee, and Former Justice Amidei sitting by assign-

Panel consists of Justices CANNON, LEE, and AMIDEI.*

## OPINION

AMIDEI, Justice (Assigned).

Allen Frank Gallow appeals his convictions for: (1) possession of five pounds or less but more than four ounces of marijuana, and (2) possession of marijuana without paying the tax. Appellant pleaded guilty to both offenses without a negotiated plea bargain. The trial court assessed his punishment for possession at eighteen months in a state jail facility. The trial court also assessed his punishment for possession without paying the tax at four years imprisonment in the Texas Department of Criminal Justice. Appellant contends his punishment in the same proceeding for possession of marijuana and for failure to pay taxes on that marijuana violates double jeopardy, constitutes cruel or unusual punishment under the Texas Constitution, and taints the possession case with the "constitutional problems" he asserts in the tax case. We affirm.

Appellant entered an open plea of guilty to both crimes. *See United States v. Broce,* 488 U.S. 563, 573, 109 S.Ct. 757, 764, 102 L.Ed.2d 927 (1989) (holding defendants relinquished federal double jeopardy rights by pleading guilty to two separate indictments, thereby conceding guilt to two separate offenses). Appellant brings his claims under the Texas Constitution, but we see no reason that his waiver of federal rights should not waive his state claims as well.

Appellant premises his three points of error upon appeal on the unconstitutionality of the marijuana tax statute, TEX. TAX CODE ANN. § 159.201. Applying a *Blockbur-*

ment.

*ger* analysis, he contends possession and the failure to pay taxes are the "same" for double jeopardy purposes. *See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Specifically, he contends the criteria to qualify as a "dealer" under the tax case, includes the culpable conduct that would establish possession of marijuana. Accordingly, he reasons, the two offenses are the "same." As a result, he concludes, sentencing him to four years incarceration for a third degree felony tax offense for conduct that is punishable by only two years of state jail constitutes cruel and unusual punishment under Article I, section 13 of the Texas Constitution. Enforcing the disparate marijuana tax offense, he contends, is also "at least unfair, and thus violative of Article I, section 19 as applied to appellant." Because the tax offense should not have been present, he claims, its presence "tainted" his sentencing in the possession case. We disagree.

*Analysis*

■ Appellant acknowledges that, in this context, the Texas double jeopardy clause is substantially identical to the federal double jeopardy clause. A defendant suffers multiple punishments in violation of the Double Jeopardy Clause when he is convicted of more offenses than the legislature intended. *Ball v. United States,* 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985). In the multiple punishments context, the *Blockburger* test is simply a rule of statutory construction, which is useful in attempting to ascertain legislative intent. *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Other (nonexclusive) considerations relevant to determining whether the Legislature intended multiple punishments are: whether the offenses' provisions are contained within the same statutory section; whether the offenses are phrased in the alternative; whether the offenses are named similarly; whether the offenses have common punishment ranges; whether the offenses have a common focus (i.e. whether the "gravamen" of the offense is the same) and whether that common focus tends to indicate a single instance of conduct; whether the elements that differ between the offenses can be considered the "same" under an imputed theory of liability which would result in the offenses being considered the same under *Blockburger* (i.e., a liberalized *Blockburger* standard utilizing imputed elements); and whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes. *Ervin v. State,* 991 S.W.2d 804, 814 (Tex. Crim.App.1999).

■ Appellant properly distinguishes *Ex parte Ward* because that case was a pretrial writ claiming partial payment of the tax made further punishment "multiple punishments." *Ex parte Ward,* 964 S.W.2d 617 (Tex.Crim.App.1998). Here, appellant was convicted of two felonies. However, the offenses are not the "same" for double jeopardy purposes. The tax offense is part of the tax scheme in the Tax Code, while the offense of possessing marijuana is part of the Health and Safety Code. The language and history of the marijuana tax statute indicate a clear legislative intent to make the punishment cumulative of that for mere possession. Possession is merely a circumstance that makes failure to pay the tax an offense. The punishment ranges are different. The gravamen of possession of marijuana is the possession, while the gravamen of the tax offense is failure to pay taxes. While possessing four or more grams of marijuana might be the "same" as being a dealer under the tax statute, the crucial element of failure to pay taxes is different. Thus, while the possession offense could be a lesser included offense under *Blockburger,*

we conclude that the legislature intended cumulative punishment for failure to pay taxes as a different offense.

The *Blockburger* test does not operate to trump "clearly expressed legislative intent." *Ex parte Kopecky,* 821 S.W.2d 957, 959 (Tex.Crim.App.1992). The legislature clearly expressed its intent that those who possess a controlled substance and who fail to pay the tax thereon be punished separately for each transgression. *Id.* at 960.

Because the offenses are not the same, and the legislature intended separate, cumulative punishments, we overrule the appellant's points of error.

The judgment of the trial court is affirmed.