### Ex parte Crystal DESORMEAUX.

#### No. 09–11–00035–CR.

Court of Appeals of Texas,
Beaumont.

Submitted: Sept. 15, 2011.

Decided: Nov. 16, 2011.

Randall J. Walker, Jasper, for appellant.

Steven Hollis, Sue Korioth, Special Prosecutor, Jasper County, Crim. Dist. Atty's Office, Dallas, for state.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Triston Dobbins, a twenty-one-month-old child, died as a result of "[b]lunt force trauma of head with closed head injury." The autopsy report concluded the manner of death was homicide. The pathology findings included hemorrhaging of the brain, lacerations of the frontal lobes of the brain and the tonsils, and multiple contusions over the entire body. The report also stated that a "shaken baby with head impact may be of strong consideration."

On the day of his death, Triston had been in the care of his father, Leo Desormeaux IV, and, for some of the time, his stepmother, Crystal Desormeaux. The police were not notified of Triston's death until the next day. Leo told the investigating officers that Triston had fallen in the tub, had a seizure, and died. Crystal said that Leo would not allow her to call 9–1–1.

Leo was indicted for capital murder. While he was in jail, he changed his account of the events. He said Crystal was responsible for the child's death.

A jury acquitted Crystal Desormeaux of capital murder. She was then indicted for the offense of injury to a child. In a pretrial application for writ of habeas corpus, Crystal argued that the State is barred under principles of double jeopardy and collateral estoppel from prosecuting her under the new indictment. She appeals the trial court's denial of the relief requested, and makes the same argument in this Court.

### PRE-TRIAL HABEAS CORPUS

Habeas corpus is an extraordinary writ. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex.Crim.App.2001). An appellate court reviews a trial court's decision to deny an application for writ of habeas corpus under an abuse-of-discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim.App.2006). An appellate court defers to the trial court's factual findings supported by the record. *Ex parte Wheeler*, 203 S.W.3d 317, 323–24 (Tex.Crim.App. 2006). When the resolution of the ultimate question turns on an application of legal standards, an appellate court reviews the trial court's ruling *de novo*. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim. App.2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim.App.2007); *Doyle v. State*, 317 S.W.3d 471, 475–76 (Tex.App.-Houston [1st Dist.] 2010, pet. ref'd).

### THE INJURY-TO-A-CHILD STATUTE

Section 22.04 of the Texas Penal Code sets out the offense of injury to a child as follows:

(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:

(1) serious bodily injury;

(2) serious mental deficiency, impairment, or injury; or

(3) bodily injury.

. . . .

(b) An omission that causes a condition described by Subsection (a)(1), (2), or (3) ... is conduct constituting an offense under this section if:

(1) the actor has a legal or statutory duty to act; or

(2) the actor has assumed care, custody, or control of a child, elderly individual, or disabled individual.

Tex. Penal Code Ann. § 22.04(a), (b) (West 2011). The Court of Criminal Appeals has explained that "[s]ection 22.04(a)(1) states, in relevant part, that a person commits the offense of injury to a child if (with a particular culpable mental state) he causes serious bodily injury to a child by 'act or omission.'" *See Jefferson v. State,* 189 S.W.3d 305, 312 (Tex.Crim.App.2006) ("[T]he essential element or focus of the statute is the result of the defendant's conduct[.]"); *see also Villanueva v. State,* 227 S.W.3d 744, 745, 749 (Tex.Crim.App. 2007) (Although double jeopardy principles barred two injury-to-a-child convictions under the statute for one death "on the particular facts" of the case, "hypothetical circumstances" of two "separate and discrete incidents" may not result in bar.).

■ The double jeopardy clause of the Fifth Amendment prohibits a second prosecution for the same offense after acquittal. *See North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). A threshold question is whether the same offense is involved in the second prosecution. *See United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Ex parte Watson,* 306 S.W.3d 259, 270–74 (op. on reh'g) (Tex. Crim.App.2009); *see generally Ortega v. State,* 171 S.W.3d 895, 899 (Tex.Crim.App. 2005) (The analysis applies to both successive prosecution and successive punishment.). Generally, a greater offense and any lesser-included offense are treated as the same offense for double-jeopardy purposes. *See Ochoa v. State,* 982 S.W.2d 904, 907–08 (Tex.Crim.App.1998); *see also*

*Ex parte Amador,* 326 S.W.3d 202, 205 (Tex.Crim.App.2010).[1] But the issue is ultimately one of statutory construction; if the Legislature makes clear the intent to permit the prosecution, conviction, and multiple punishment for the two offenses, double jeopardy principles are not violated when this occurs. *See United States v. Woodward,* 469 U.S. 105, 108–10, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985); *Missouri v. Hunter,* 459 U.S. 359, 366–68, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Jimenez v. State,* 240 S.W.3d 384, 417–18 (Tex.App.-Austin 2007, pet. ref'd); *Gallow v. State,* 56 S.W.3d 117, 119 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

■ Section 22.04 provides that a person "who is subject to prosecution under both this section and another section of this code may be prosecuted under either or both sections." Tex. Penal Code Ann. § 22.04(h) (West 2011). In *Littrell v. State,* 271 S.W.3d 273, 278–79 (Tex.Crim. App.2008), the Court of Criminal Appeals stated that section 22.04(h) "makes it clear that an accused who is charged with injury to a child, elderly individual, or disabled individual may also be prosecuted (and presumably, punished) for any other penal-code violation to which his conduct may subject him."

## THE PARTIES' ARGUMENTS

Arguing that collateral estoppel precludes the second prosecution despite section 22.04(h), Desormeaux maintains that an issue common to both the capital-murder trial and the injury-to-a-child indictment is whether she caused injury to the child. In murder cases, Desormeaux as-

---

1. Desormeaux told the trial court at the pretrial habeas proceeding that injury to a child is not a lesser-included offense of capital murder. *See United States v. Webb,* 796 F.2d 60, 63 (5th Cir.1986), *cert. denied,* 479 U.S. 1038, 107 S.Ct. 894, 93 L.Ed.2d 846 (1987); *but see In re L.M.,* 993 S.W.2d 276, 283 (Tex.App.-Austin 1999, pet. denied) (injury to a child as a lesser-included offense to capital murder as charged in first trial).

serts, the prosecution must prove the injuries suffered by the deceased at the accused's hands were injuries capable of causing death. She argues that the record from the capital-murder trial shows that an ultimate issue in that case—the source of the injuries resulting in the child's death—was presented to the jury and was resolved in her favor.

Desormeaux relies on *Ex parte Taylor*, 101 S.W.3d 434 (Tex.Crim.App.2002). Two passengers in a car driven by Taylor were killed. A jury acquitted Taylor of intoxication manslaughter of one passenger by means of alcohol intoxication. The State dismissed the intoxication manslaughter indictment against Taylor regarding the second passenger. The State later indicted Taylor for intoxication manslaughter of the second passenger by means of alcohol and marijuana, or by marijuana alone. The difference in the second prosecution was the type of intoxicant. The Court held that the jury in the first case had necessarily decided the intoxication issue, and that relitigation of the ultimate issue was barred. *Id.* at 436, 445–46. Desormeaux argues that the State is using another manner and means—failing to obtain medical treatment for the child—to try her again on an issue a jury has already resolved in her favor.

The State argues that the new indictment concerns whether Desormeaux failed to obtain medical care for a child over whom she had assumed care, custody, and control. The State contends that her omission caused injury to the child, and that the injury-by-omission issue was not determined in the capital-murder trial.

## COLLATERAL ESTOPPEL

 The doctrine of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct.

1189, 25 L.Ed.2d 469 (1970). The double jeopardy clause precludes the State from relitigating what was necessarily decided by the acquittal in the prior trial. *See id.* at 443, 90 S.Ct. 1189. An ultimate fact determined by a valid and final judgment of acquittal cannot again be litigated in a second trial for a separate offense. *Id.;* *Murphy v. State*, 239 S.W.3d 791, 795 (Tex.Crim.App.2007); *Guajardo v. State*, 109 S.W.3d 456, 460 (Tex.Crim.App.2003) (citing *Schiro v. Farley*, 510 U.S. 222, 232, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994)). Collateral estoppel applies to facts necessarily decided in the first proceeding. *York v. State*, 342 S.W.3d 528, 539 (Tex. Crim.App.2011) (citing *Murphy*, 239 S.W.3d at 795); *Ex parte Taylor*, 101 S.W.3d at 440; *Gonzalez v. State*, 301 S.W.3d 393, 400 (Tex.App.-El Paso 2009, pet. ref'd). To determine what a jury necessarily decided, a court examines the record of the prior proceeding to determine whether a rational jury could have grounded its verdict on an issue other than that which the defendant argues is foreclosed from consideration. *Ashe*, 397 U.S. at 444, 90 S.Ct. 1189.

## THE FIRST TRIAL

Crystal Desormeaux's attorney argued to the jury in closing: "It had to be Mr. Desormeaux. His reaction after the child was killed is consistent with guilt. I'm not saying that Ms. Desormeaux did nothing wrong. She obviously did. She should have called. There's no excuse for that. She has her own shortcomings, but she's not a murderer."

In *Taylor*, the common issue in each prosecution was intoxication—whether by alcohol, marijuana, or a combination of the two. *See Taylor*, 101 S.W.3d at 438, 441–42. In this case, the question litigated in the capital-murder trial was whether Crystal Desormeaux murdered Triston Dob-

bins. The separate question of whether Triston Dobbins suffered any injury from Crystal Desormeaux's failure to seek medical treatment for the child was not necessarily decided in the capital-murder trial. *See York,* 342 S.W.3d at 539; *Murphy,* 239 S.W.3d at 795; *Guajardo,* 109 S.W.3d at 460; *Ex parte Taylor,* 101 S.W.3d at 440. The jury was not asked whether she "should have called," or whether that omission caused injury to the child. The jury was asked to determine if Crystal Desormeaux intentionally or knowingly caused the death of Triston Dobbins by choking him, shaking him, and striking his head with or against an object. The jury answered "no" to that question.

The jury charge also contained a question on the offense of murder. *See Smith v. State,* 297 S.W.3d 260, 275 (Tex.Crim. App.2009) (citing *Feldman v. State,* 71 S.W.3d 738, 750 (Tex.Crim.App.2002)) (murder, a lesser-included offense of capital murder). The jury was asked if Crystal Desormeaux intended to cause serious bodily injury to Triston Dobbins and committed an act clearly dangerous to human life that caused his death. There also, it was not necessary for the jury to decide whether her omission caused an injury; the jury was not asked that question. *See generally Wright v. State,* 866 S.W.2d 747, 750 (Tex.App.-Eastland 1993, pet. ref'd) (rejecting the argument that since defendant was acquitted of murder, the trial court's acceptance of a guilty verdict under a second count of intentionally or knowingly causing serious bodily injury to a child violated defendant's double jeopardy rights).

The abstract portion of the jury charge contained an instruction set out below:

> A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is crimi-nally responsible, or by both. Mere presence alone will not constitute one a party to an offense.

> A person is criminally responsible for an offense committed by the conduct of another if, acting with the kind of culpability required for the offense, he or she causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense. The term "conduct" means any act or omission and its accompanying mental state.

The record does not reflect that any other instruction of "criminal responsibility for conduct of another" was provided the jury. *See* Tex. Penal Code Ann. § 7.02 (West 2011). The prosecutor argued to the jury in closing: "And I'm just reluctant to use words like 'innocent' or 'nonresponsible' when I'm talking about Leo, but those are the words the law uses." The jury verdict indicates Crystal Desormeaux did not cause or aid "an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense."

### THE TRIAL COURT'S RULING

In ruling on the application for writ of habeas corpus, the trial court considered what facts the jury necessarily decided in the prior case, and whether the scope of the jury's findings regarding specific historical facts bars relitigation of the facts in the second criminal trial. *See Ex parte Watkins,* 73 S.W.3d 264, 268–69 (Tex.Crim. App.2002). Whether the failure to seek medical treatment resulted in an injury was not the question answered in the first trial. The issue the jury in the first trial was asked to decide was whether she intentionally or knowingly committed an act that caused Triston Dobbins' death. Specifically, the focus was on whether she was the one who choked him, shook him, and struck his head on an object, or whether

Leo murdered the child. The trial court could reasonably conclude on this record that the current prosecution is not barred by collateral estoppel. *See Kniatt,* 206 S.W.3d at 664 (standard of review); *see also York,* 342 S.W.3d at 539 (facts necessarily decided in the first proceeding); *Villanueva,* 227 S.W.3d at 749 (Under certain "hypothetical circumstances, it could reasonably be said that the failure to seek treatment for [the child's] apparent injuries resulted in a separate and discrete, or at least incrementally greater, injury for which the appellant could also be held criminally accountable without violating double jeopardy."). We overrule appellant's issue and affirm the trial court's order.

AFFIRMED.