

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00061-CR
No. 02-23-00062-CR
No. 02-23-00063-CR
No. 02-23-00064-CR

———————————————

Ex parte Travis Todman

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1570584, 1734243, 1742841, 1764911

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In a two-count indictment, the State charged Appellant Travis Todman with manslaughter and racing on a highway causing death. *See* Tex. Penal Code Ann. § 19.04; Tex. Transp. Code Ann. § 545.420(a), (h). In September 2022, a jury acquitted Todman of both offenses but found him guilty of racing on a highway, a lesser-included offense of racing causing death. *See* Tex. Transp. Code Ann. § 545.420(a), (d). The trial court assessed his punishment at 120 days in jail. Todman has not appealed that conviction and sentence.

The State had also charged Todman in separate indictments with two counts of failing to stop and render aid arising from the racing incident but did not proceed to trial on those charges in September 2022. *See id.* § 550.021. In January 2023, however, a grand jury reindicted Todman on those charges. Todman filed a pretrial application for writ of habeas corpus arguing that collateral estoppel as embodied in the Fifth Amendment's Double Jeopardy Clause barred the State from prosecuting him for failing to stop and render aid. The trial court denied Todman habeas relief, and Todman has appealed. In a single issue, he argues that the State is collaterally estopped from prosecuting him for failing to stop and render aid. We will affirm the trial court's orders denying Todman habeas relief in trial-court Cause Numbers 1734243, 1742841, and 1764911 and will dismiss for want of jurisdiction Todman's appeal from the trial court's order in trial-court Cause Number 1570584.

# I. Background

In the early morning hours of October 28, 2018, Todman and Javon Torres were racing their cars in the southbound lanes of McCart Avenue in Fort Worth. Keenan Hilsabeck and Cody Nager were in a car traveling northbound on McCart Avenue. Nager—who had been drinking that night—was driving, and Hilsabeck was in the front passenger seat.

When Nager and Hilsabeck reached the intersection of McCart Avenue and Columbus Trail, Nager started to turn left onto Columbus Trail on a yellow light but braked in the intersection. Todman, who had a green light, struck Nager's car. Nager was badly injured, and Hilsabeck was killed. Todman was also injured but left the scene by crawling to his home, which was 300 to 400 yards from the place of the accident. Torres had avoided the collision and fled the scene.

A grand jury indicted and re-indicted Todman on multiple counts:

- Cause Number 1570584: (1) aggravated assault causing serious bodily injury to Nager and (2) racing causing serious bodily injury to Nager;

- Cause Number 1570585: (1) manslaughter and (2) racing causing Hilsabeck's death;

- Cause Number 1734243 (partial re-indictment of 1570585): (1) aggravated assault with a deadly weapon against Hilsabeck, (2) manslaughter, (3) racing causing Hilsabeck's death; and (4) failing to stop and render aid to Hilsabeck; and

- Cause Number 1742841 (partial re-indictment of 1734243): (1) manslaughter, (2) aggravated assault with a deadly weapon against Nager, (3) racing causing Hilsabeck's death, (4) failing to stop and

render aid to Hilsabeck, and (5) failing to stop and render aid to Nager.

Todman moved to quash the indictment in Cause Number 1742841, arguing that it should be dismissed and quashed because it was brought more than three years after the commission of the alleged offenses, and the State had failed to allege tolling facts in the indictment. *See* Tex. Code Crim. Proc. Ann. art. 12.01. Just before voir dire on the first day of Todman's September 2022 trial, the trial court granted Todman's motion in part and quashed Counts 2, 3, and 5 in Cause Number 1742841. *See id.* Over Todman's objection, the State then opted to proceed to trial on the indictment in Cause Number 1570585—manslaughter and racing causing Hilsabeck's death.

In its opening statement, the State explained to the jury that Todman had left the scene of the accident. During the week-long trial, the jury heard testimony from, among others, Nager; Torres; eyewitnesses to Todman's and Torres's racing, the accident, and the accident's aftermath; a police officer who had responded to the accident and had located Todman at his home; a detective who had responded to and investigated the accident; a medical examiner at the Tarrant County Medical Examiner's Office who testified about the cause and manner of Hilsabeck's death (blunt-force trauma and the accident, respectively); the State's and Todman's accident-reconstruction experts; and a toxicologist with the Tarrant County Medical Examiner's Office.

4

Throughout the trial, the State presented evidence proving that Todman had left the scene of the accident. The State emphasized Todman's flight in its closing argument and pointed to it as evidence supporting Todman's guilt. At the trial's conclusion, the jury was charged in relevant part as follows:

> Now, therefore, if you find and believe from the evidence beyond a reasonable doubt, that the Defendant, *Travis Kirby Todman*, on or about the 28th day of October 2018, in the County of Tarrant, State of Texas, *did then and there recklessly, by driving a motor vehicle at excessive speed through a multi-lane intersection while engaged in a race or speed competition with another motor vehicle, cause the death of an individual, Keenan Hilsabeck, by driving said motor vehicle into or against another motor vehicle occupied by Keenan Hilsabeck*; and you further find beyond a reasonable doubt that the death of Keenan Hilsabeck would not have occurred but for the conduct of the Defendant, operating alone or concurrently with another cause, then you will find the Defendant guilty of the offense of Manslaughter as charged in Count One of the Indictment.
>
> Unless you so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will find the Defendant not guilty of the offense charged in Count One of the Indictment; or if you find from the evidence that a concurrent cause was clearly sufficient to produce Keenan Hilsabeck's death and that the Defendant's conduct was clearly insufficient to produce Keenan Hilsabeck's death, or if you have a reasonable doubt thereof, then you will find the Defendant not guilty of the offense charged in Count One of the Indictment. In either event, you will next proceed to consider Count Two of the Indictment.
>
> Now, therefore, if you find and believe from the evidence beyond a reasonable doubt, that *the Defendant* in the County of Tarrant and State aforesaid on or about the 28th day of October 2018, *did knowingly participate in any manner in a race, vehicle speed competition, contest, a drag race or acceleration contest, or in connection with a drag race, an exhibition of vehicle speed or acceleration, or to make a vehicle speed record, and that as a result, Keenan Hilsabeck did suffer death*; and you further find that the death of Keenan Hilsabeck would not have occurred but for the conduct of the Defendant, operating alone or concurrently with another cause, then you will find the

5

Defendant guilty of racing on a highway or roadway causing death as charged in Count Two of the Indictment.

Unless you so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will find the Defendant not guilty of the offense charged in Count Two of the Indictment and next consider whether he is guilty of racing on a highway or roadway; or if you find from the evidence that a concurrent cause was clearly sufficient to produce Keenan Hilsabeck's death and that the Defendant's conduct was clearly insufficient to produce Keenan Hilsabeck's death, or if you have a reasonable doubt thereof, then you will find the Defendant not guilty of the offense charged in Count Two of the Indictment and next consider whether he is guilty of racing on a highway or roadway.

Now, therefore, if you find and believe from the evidence beyond a reasonable doubt, that the *Defendant* in the County of Tarrant and State aforesaid on or about the 28th day of October 2018, *did knowingly participate in any manner in a race, vehicle speed competition, contest, a drag race or acceleration contest, or in connection with a drag race, an exhibition of vehicle speed or acceleration, or to make a vehicle speed record*, then you will find the Defendant guilty of racing on a highway or roadway.

Unless you so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will find the Defendant not guilty of racing on a highway or roadway. [Emphases added.]

The jury acquitted Todman of manslaughter and racing causing death but found him guilty of racing. Todman opted to have the trial court assess his punishment.

Before the trial court assessed Todman's punishment, a grand jury reindicted Todman in January 2023 under Cause Number 1764911 on two counts of failure to stop and render aid, alleging that on or about October 28, 2018, he did

6

*intentionally or knowingly operate a vehicle that became involved in an accident resulting in death to Keenan Hilsabeck*, and the said defendant did thereafter, knowing said accident had occurred, intentionally or knowingly fail to immediately stop at the scene of the accident or immediately return to the scene of said accident, or fail to immediately determine if a person had been injured or required aid in said accident, or fail to give the said Travis Kirby Todman's name and address to any person, or fail to render reasonable assistance to Keenan Hilsabeck when it was then apparent that Keenan Hilsabeck was in need of medical treatment, [and]

*. . . intentionally or knowingly operate a vehicle that became involved in an accident resulting in serious bodily injury to Cody Nager*, and the said defendant did thereafter, knowing said accident had occurred, intentionally or knowingly fail to immediately stop at the scene of the accident or immediately return to the scene of said accident, or fail to immediately determine if a person had been injured or required aid in said accident, or fail to give the said Travis Kirby Todman's name and address to any person, or fail to render reasonable assistance to Cody Nager when it was then apparent that Cody Nager was in need of medical treatment[.] [Emphases added.]

Unlike the re-indictment in Cause Number 1742841, this re-indictment included a tolling paragraph.

As noted, Todman filed a pretrial application for writ of habeas corpus in Cause Numbers 1570584, 1734243, 1742841, and 1764911 contending that the State was collaterally estopped from prosecuting him again because in the first trial, the jury found that he was not responsible for Hilsabeck's death and that Todman's racing did not result in Hilsabeck's death. After a hearing, the trial court found that the State was not barred from prosecuting Todman for failing to stop and render aid (Count 4 in both Cause Numbers 1734243 and 1742841 and both counts in Cause Number 1764911) but was barred from prosecuting all other offenses alleged in Cause

7

Numbers 1570584, 1734243, and 1742841.[1] The trial court also ordered a stay of prosecution pending this appeal.[2]

## II. Standard of Review

Pretrial habeas relief is an extraordinary remedy. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). A double-jeopardy claim is one of the very limited circumstances in which a defendant can seek pretrial habeas relief. *See Ex parte Weise*, 55 S.W.3d 617, 619–20 (Tex. Crim. App. 2001). We review the trial court's ruling on a pretrial application for writ of habeas corpus for an abuse of discretion. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). In conducting our review, we view the evidence in the light most favorable to the trial court's ruling and defer to the trial court's fact findings supported by the record. *See id.*; *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd). If resolving the ultimate question turns on applying legal standards, we review the trial court's determination de novo. *Paxton*, 493 S.W.3d at 297.

---

[1]The trial court found that all charges in Cause Number 1570584 were barred from prosecution. On the State's dismissal motion, the trial court dismissed that case. Todman's appeal from the trial court's ruling in Cause Number 1570584 is thus moot, and we lack jurisdiction over it.

[2]Shortly after Todman filed his notices of appeal in his habeas proceeding, the trial court sentenced him to 120 days in jail for the racing offense. As noted, Todman has not appealed his racing conviction and sentence.

## III. Applicable Law

The Fifth Amendment of the United States Constitution provides that no person shall have life or limb twice put in jeopardy for the same offense. U.S. Const. amend. V. Generally, this provision—the Double Jeopardy Clause—protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021).

The doctrine of collateral estoppel is embodied in the Fifth Amendment's guarantee against double jeopardy, is an "extremely important principle" in our adversarial system, and "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194 (1970). "[C]ollateral estoppel requires that the precise fact[s] litigated in the first prosecution have arisen in the same transaction, occurrence, situation, or criminal episode that gave rise to the second prosecution." *Murphy v. State*, 239 S.W.3d 791, 795 (Tex. Crim. App. 2007). When confronted with whether collateral estoppel bars a subsequent trial, courts must determine (1) what facts were necessarily decided in the first proceeding and (2) whether those facts constitute essential elements of the offense in the second trial. *Ex parte Rion*, 662 S.W.3d 890, 896 (Tex. Crim. App. 2022).

Evaluating which facts the factfinder necessarily decided in the first trial requires examining the entire trial record, the pleadings, the charge, and the attorneys' arguments. *Id.* at 896–97. Before collateral estoppel can apply, a court must be able to say that it would have been irrational for the jury to acquit the defendant in the first trial without finding in his favor on a fact essential to conviction in the second. *Id.* at 897. Thus, collateral estoppel is restricted to cases in which the legal and factual situations are identical. *Id.*

Collateral estoppel must be applied with realism and rationality. *Ex parte Richardson*, 664 S.W.3d 141, 143 (Tex. Crim. App. 2022). Collateral estoppel does not preclude a second prosecution simply because it is unlikely—or even very unlikely— that the original jury acquitted without finding the fact in question. *Id.* The mere possibility that a fact may have been previously determined is insufficient to bar re-litigation of that same fact in a second trial. *Ex parte Watkins*, 73 S.W.3d 264, 268 (Tex. Crim. App. 2002). A defendant has the burden to prove that the facts in issue were necessarily decided in the prior proceeding. *Murphy*, 239 S.W.3d at 795.

## IV. Analysis

Here, Todman contends that collateral estoppel bars the State from prosecuting him for failing to stop and render aid to Hilsabeck and to Nager because (1) the State seeks to prosecute him based on the same facts that the jury decided in his favor in the first trial and (2) those facts are essential elements of failing to stop and render aid. He further argues that because the State "was allowed an illegal

10

severance" of the failing-to-stop-and-render-aid charges, it is estopped from re-litigating those charges and has waived any objection to the jeopardy bar. We address each of these arguments in turn.

Manslaughter required proof that Todman caused Hilsabeck's death, *see* Tex. Penal Code Ann. § 19.04(a). Similarly, racing causing death required proof that Todman's racing resulted in Hilsabeck's death. *See* Tex. Transp. Code Ann. § 545.420(h). In contrast, failure to stop and render aid merely requires proof that Todman operated a vehicle involved in an accident that resulted in or was reasonably likely to result in injury or death:

> (a) The operator of a vehicle involved in an accident that results or is reasonably likely to result in injury to or death of a person shall:
>
> > (1) immediately stop the vehicle at the scene of the accident or as close to the scene as possible;
> >
> > (2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident;
> >
> > (3) immediately determine whether a person is involved in the accident, and if a person is involved in the accident, whether that person requires aid; and
> >
> > (4) remain at the scene of the accident until the operator complies with the requirements of Section 550.023.
>
> . . . .
>
> (c) A person commits an offense if the person does not stop or does not comply with the requirements of this section.

11

*Id.* § 550.021(a), (c).[3] In other words, a failure-to-stop-and-render aid prosecution does not require proof that a driver caused the accident. *See id.*; *see also Curry v. State*, 622 S.W.3d 302, 311 n.7 (Tex. Crim. App. 2019); *Boudreaux v. State*, 631 S.W.3d 319, 327 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd). The driver only has to be involved in the accident. *See* Tex. Transp. Code Ann. § 550.021(a); *Curry*, 622 S.W.3d at 311 n.7.

According to Todman, his failing to stop at the scene was necessarily decided in the first trial. Todman admits that Hilsabeck died in the accident and that Todman's trial was "'utterly devoid' of any indication that the first jury could have rationally found that a death didn't occur." And he does not contend that the jury made any findings regarding Nager's injuries from the accident. Todman asserts—and the State agrees—that by acquitting him of manslaughter and of racing causing death but convicting him of racing, the jury necessarily determined that his racing (1) did not cause Hilsabeck's death and (2) did not result in Hilsabeck's death. Todman further argues that because the State relied heavily on his failing to stop at the scene as proof of his guilt in the first trial and because the jury determined that his driving did

---

[3]If the accident results in the death of a person, an offense under Section 550.021 is a second-degree felony. Tex. Transp. Code Ann. § 550.021(c)(1)(A). The offense is a third-degree felony if the accident resulted in seriously bodily injury, as defined by Section 1.07 of the Texas Penal Code. *Id.* § 550.021(c)(1)(B); *see* Tex. Penal Code Ann. § 1.07(a)(46). Todman thus faces two felony counts.

not cause or result in Hilsabeck's death, the State cannot now prosecute him for an offense based on Todman's involvement in the accident. We disagree.

Nothing in the jury's verdict in the first trial necessarily decided that Todman was not involved in the accident or any issue related to his post-accident responsibilities. Although Todman's first prosecution arose from the same accident that gave rise to his second prosecution, the facts necessarily decided in the first case do not constitute essential elements of the failing-to-stop-and-render-aid offenses. The mere fact that the accident central to the first prosecution is the basis for Todman's second prosecution does not automatically bar the State's prosecuting him for failing to stop and render aid. *Cf. Ex parte Desormeaux*, 353 S.W.3d 897, 899, 901–03 (Tex. App.—Beaumont 2011, pet. ref'd) (concluding that jury's acquitting stepmother of intentionally or knowingly causing her stepson's death by choking him, shaking him, and striking his head on an object did not collaterally estop State from prosecuting stepmother for injury to a child based on her failing to seek medical treatment for the child). And the jury's hearing testimony in the first trial that Todman did not stop and render aid following the accident does not establish that the jury necessarily decided that issue in his favor because the jury was not asked to resolve that issue. *Cf. Richardson*, 664 S.W.3d at 148–51 (explaining that even though jury heard evidence about a second shooting during defendant's first trial, that fact did not establish that the jury necessarily determined the defendant's culpability for that

second shooting when it acquitted him as a primary actor or party in the first shooting).

Regarding his improper-severance argument, Todman complains that by choosing to go to trial on the indictment charging him with manslaughter and racing causing Hilsabeck's death—after the trial court had quashed Counts 2 (aggravated assault with a deadly weapon against Nager), 3 (racing causing Hilsabeck's death), and 5 (failing to stop and render aid to Nager) in Cause Number 1742841 (the indictment on which the State had announced ready the week before trial)—the State "effectively severed out the[ ] quashed counts and has now come back, after the acquittals, and reindicted them as new charges." Todman further complains that the State "essentially obtained a severance, which is prohibited by Texas law."

To the extent that habeas relief could be available for Todman's improper-severance complaint in the double-jeopardy context,[4] we would overrule it. The State may prosecute a defendant "in a single criminal action for all offenses arising out of the same criminal episode." Tex. Penal Code Ann. § 3.02(a). And "[w]henever two or more offenses have been consolidated or joined for trial under Section 3.02, the defendant shall have a right to a severance of the offenses." *Id.* § 3.04(a). But while a defendant has a right to severance, he has no right to have his offenses consolidated into a single trial. *See Nelson v. State*, 864 S.W.2d 496, 498 (Tex. Crim. App. 1993).

---

[4]Todman argues, in effect, that the State's improper attempt at severance should not allow it to violate collateral-estoppel principles.

14

Todman next argues that denying him habeas relief in this case effectively "allows the State to offensively use severance to get a dress-rehearsal trial to hedge against acquittals" and "allows the [S]tate an [end run around] the trial court's ruling in quashing illegal counts."[5] According to Todman, "[d]epending on how creative[ly] the [S]tate can leap-frog indictments, there could be no limit on how many times an individual could face trial for a single event with no finality." In support of his argument, Todman points to the court of criminal appeals's reasoning in *Ex parte Taylor*:

> [I]ssue preclusion cannot be defeated simply by advancing new or different evidence to support the same issue already litigated. Thus, a party who neglects to submit the evidence that would support a legal theory that the party withheld in a first proceeding, cannot later point to its own omission as justification for pursuing a second proceeding.

*Ex parte Taylor*, 101 S.W.3d 434, 441–42 (Tex. Crim. App. 2002) (footnotes omitted). Here, however, the failing-to-stop-and-render aid issue wasn't litigated in the first trial, so we find this reasoning inapposite.

---

[5]As noted, when the State reindicted Todman under Cause Number 1764911 for failing to stop and render aid to Hilsabeck and to Nager, the State included a tolling paragraph. "Defects in a tolling paragraph are reparable and 'do not destroy a trial court's power or jurisdiction to proceed,' and so 'may not be raised by means of a pretrial writ of habeas corpus.'" *See Ex parte Edwards*, 663 S.W.3d 614, 617 (Tex. Crim. App. 2022) (quoting *Ex parte Smith*, 178 S.W.3d 797, 803 (Tex. Crim. App. 2005)). Likewise, the absence of a tolling paragraph (as to the indictment in Cause Number 1742841) is a reparable defect and is not cognizable by pretrial habeas. *See id.* at 617.

Todman has failed to prove that the facts at issue in his failing-to-stop-and-render-aid prosecution were necessarily decided in the first trial. *See Murphy*, 239 S.W.3d at 795. After examining the entire trial record, the pleadings, the charge, and the attorneys' arguments, we have determined that the facts necessarily decided in the first trial—that Todman's racing did not cause or result in Hilsabeck's death—are not essential elements of failing to stop and render aid at an accident resulting in Hilsabeck's death and Nager's injuries, which requires (among other things) a finding only that Todman operated a vehicle *involved* in that accident. *See Rion*, 662 S.W.3d at 896–97. The trial court thus did not abuse its discretion by denying Todman habeas relief. We overrule his only issue.

## V. Conclusion

Having overruled Todman's only issue, we affirm the trial court's orders denying Todman habeas relief in trial-court Cause Numbers 1734243, 1742841, and 1764911. We dismiss for want of jurisdiction Todman's appeal from the trial court's order in trial-court Cause Number 1570584.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 3, 2023

16